Good morning, your honors. May it please the court, my name is Edward Robinson and I represent Claudio Dibe, the appellant. And the issue before the court I think is a very straightforward and legal one, and that is whether or not the district court committed procedural error by failing to consider the factor that was framed as ineffective assistance of counsel by the lawyer who represented Mr. Dibe up to and including his open plea. Counsel, let me cut right to the part of the case from your perspective that I have difficulty with. It's hard for me to see any prejudice, and I'd like you to address that. Your client received a significantly below-guideline sentence, and the court made very clear that even had the plea agreement been signed, the sentence would have been the same. So even assuming that there is procedural error, I don't understand why we should grant relief, and if we did, what relief it would be. I appreciate your reading of the record. I respectfully read the record differently. I was the lawyer also at sentencing. And I think Mr. Mitchell and I both quoted Judge Fisher in our briefs, where she stated that it is difficult to put out of one's mind the argument that counsel has made, again, even without conceding or agreeing prior counsel was ineffective. The record, I think, is clear that prior counsel did not explain the United States sentencing guidelines and how they apply to Mr. Dibe in any meaningful fashion. I'm giving you that as part of my hypothetical. Assuming there's error, I don't understand why you think he would have gotten a better sentence than he got. Because Judge Fisher justified her variance based upon what I've characterized as, and I think she characterized it this way herself, on very inconsistent grounds. Because at the start of her imposition of sentence, Judge Fisher said, I feel that the sentencing guidelines with respect to fraud offenses are often understated. And she noted that Mr. Dibe, while young, was mature enough to understand that he had committed fraud. And then in explaining her variance from the calculation that she adopted as being appropriate, Judge Fisher looked at the guidelines and said that she felt that they were overstated in this case. And that due to Mr. Dibe's youth, she was going to very downward. I saw nothing in the record, and having been there, I saw nothing at the time that Judge Fisher was relying in any way on the concern that she voiced about the effective assistance, or the lack thereof, that Mr. Dibe received from prior counsel. And so I do see a situation where if this case is remanded back to Judge Fisher with instructions that she can consider an effective assistance as a basis for a variance that on top of the variance that she granted initially. Well, it doesn't have to be on top of. She could consider it and give him the same sentence or even a greater sentence, as long as it's not vindictive, right, if there's a complete resentencing. She can do that. I did ask for a limited remand. Well, that you can have your cake and eat it, you know. And that's a little of the cake-and-eat-it argument that I want to expand from there, because it seems that you want the ineffective assistance of counsel to be considered as a 3553A factor. That's correct. I don't see any authority for that. And it seems that what your remedies would be either habeas or asking to withdraw the plea. But your client doesn't want to do any of those things. So give me your best authority on how. And then, besides wanting it to be a 3553A factor, which I don't see any authority for, you also want to make sure you don't get any more. And it's, there's risk in these things. And the defendant has other avenues, but maybe because he has good counsel now at this point, he knows what the risks are of those other avenues. And he could get more. I mean. I understand that. And I have gone over that with Mr. Deese. And so I'm telling you, you're a good lawyer. So, but you have these avenues available. He doesn't want to do that. You also want to constrict it to, well, we want to make sure that nothing worse can happen. And so tell the district court that. But then also tell the district court to consider it as a 3553A factor without any authority. Well, and I appreciate that there's a dearth of authority supporting my position that ineffective assistance is a recognized 3553 factor. But we're post-Booker now, thank goodness. And when you look at. So a dearth of authority. Why, so you're asking us to create some authority and tell the district court to do that. Well, if I may, this is how I see a legitimate basis for concluding not only that the remedy is to vary. If the court is inclined to do so and makes the proper findings, there's a developed record which persuaded the judge to have concern. But the remedy that the court could, if she finds an ineffective assistance of counsel claim to be meritorious or enough to satisfy her belief that it may be a 3553A factor flows from Lafler and Frey. Lafler and Frey, the Supreme Court, you know, reaffirmed that plea bargaining is part of a critical phase where Sixth Amendment rights attach. The remedy. And so the remedy was what? Withdraw the plea. Even though it could be after, even, you could get relief even after a jury trial, right? You could get relief and the remedy was that the court could order a government to re-extend the prior improperly explained or not presented most favorable plea agreement. The court in Mr. Debay's case could fashion a variance to account for the ineffective assistance claim. She could do that. If she finds that the IAC claim and or the deficient performance of prior counsel rises to the level that it is part of Mr. Debay's personal history and the more general sentencing factor that the Supreme Court in Pepper mentioned, a 3553A2 factor, promoting respect for the law. Let me ask you this. Not only do I find sort of the dearth of authority, you've got actually a problem. You've got two Ninth Circuit cases directly contrary to your position, don't you? There's United States v. Crippen and United States v. Bacillot. And Crippen says, quote, ineffective assistance counsel, quote, is simply not a mitigating or aggravating circumstance or otherwise a sentencing factor pursuant to section 3553A. That's correct, Your Honor. How do you get around those cases? I'd ask the Court to consider the fact that both Crippen and Bacillot were pre-Booker cases. Okay. I grant you that, so is that a distinction without a difference, though? Why does that – I mean, yes, Booker makes it now sentencing, you know, guidelines optional rather than mandatory. Right. But it still means you still have to look at the guidelines. But the Supreme – and the Supreme Court in Pepper, looking at the Sentencing Reform Act and the statute that dealt with what information could be considered and what restraints were placed on the district court on a remand for resentencing, focused on the fact that Booker has opened up sentencing to a position where the district courts can consider all evidence. Right. But Pepper was based on post-rehabilitation as part of a defendant's history and characteristics. That's correct. Whereas ineffective assistance counsel has nothing to do with his own conduct. That's his counsel's conduct. Well, if I may – and this is a corny hypothetical, so please, if you'll indulge me. Let's assume that Mr. Debay had been injured and went to see a doctor and he received poor medical treatment, which caused him to lose his job, which gave him the reason to commit the crime. That's a legitimate part of Mr. Debay's personal history. What happened to him in this case is that he was arrested up in Canada, sat in Canada for close to two years, and came down here. He hired a lawyer who had no federal practice, who didn't even bring the guidelines to him in jail. If you read the record, you can see that, from a layman's standpoint, Mr. Debay, albeit incompletely, understood the guidelines better than prior counsel. And Mr. Debay is victimized, just as if he had been treated by a doctor who performed in a malpractice fashion, by a lawyer who performed ineffectively. And so I don't think that that's the case, except it's post-crime, not pre-crime, as your example was. And there's another irony here, and I'm not sure really whether it plays into the legal analysis, but the plea agreement that you claim that should have been signed if counsel had been competent sets out the sentencing factors that the court would consider in his case, and it does not include what you're now asking for it to include. It includes, it talks about 3553A1-7, and that that is what the court will consider, and that he agrees to that. So if you got what you wanted, which is that plea agreement, we would have, he would again not get what you're asking for him to get. And so it just, it strikes me as ironic. I'm not sure that it has any legal connection to our decision, but it does seem unusual and somewhat contradictory. It's only ironic in the sense that I wasn't his lawyer at the time. No, but your position is that he should have been able to sign this plea agreement, this plea agreement. My position is that the court, by virtue of exercising her authority, could have granted a variance to cure the taint of what occurred during the plea bargaining process. I'm not asking for a remedy where the prior most favorable plea agreement is re-extended. I understand that that's the remedy in Pepper post-conviction. I'm asking for this court to remand with instructions that Judge Fischer can consider ineffective assistance as a basis for a variance. I see that my time is almost doubled. It's up and then some. You're over time by about a minute, but we'll give you a couple of minutes for rebuttal. Thank you very much. Since we've asked a lot of questions. Thank you. We'll hear from the government. Good morning. Good morning, your honors. May it please the court. Jeff Mitchell on behalf of the United States. Ineffective assistance of counsel is not a proper sentencing factor. It's a violation of a defendant's constitutional rights. Therefore, if there was ineffective assistance in this case, which the government still strongly contests, then the proper remedy would be to vacate the defendant's plea and to order the government to re-offer the plea agreement. That is the only way to make the defendant whole. And in this case, any remedy less than that, such as a variance, would not make the defendant complete. And the Supreme Court in Lafler said that when there is ineffective assistance, the defendant must be put in the same position he was but for the ineffective assistance. And any remedy less than that in this case would not be complete because of several reasons. One, the defendant's open plea, he pled to 15 counts of the indictment, but the plea agreement would have had him plead guilty to only one count. So he's pled guilty to an additional 14 counts. And in addition, he's paid an additional $1,400 in special assessment fees. And the district court and pretrial report, PSR report, indicated that the defendant did not have the ability to pay a fine. So $1,400 would be a significant dollar amount to this defendant. In addition, there were multiple plea offers. And because the defendant is claiming that there was ineffective assistance throughout the entire plea bargaining negotiations, then it's not clear what plea offer he would have accepted if he had effective representation the entire time. We're talking about the May 18, 2012 plea offer. I'm sorry, Your Honor? The May 12, 2012 plea offer is the one we're talking about, isn't it? Well, yes. That's the one that expired, apparently. When did it expire, by the way? It must have been very short, the government gave him, because on May 29, it was already too late when he accepted it. Right. This plea offer was made shortly before trial, and it had a one-week time limit, my recollection is. But the defendant did not sign it during that time period. So if he wanted to exercise that right, that May 18, 2012, what would that get? It would have given him one count, which is, I guess, better in the future in terms of what your record looks like. But sentence-wise, anything better? Sentence-wise, it only would have lowered his total offense level by three levels, which would have given him a guideline range of 108 to 135 months. So the sentence imposed of 120 months falls right in the middle of that guideline range from the most favorable plea agreement. So as the Court noted, there would be no prejudice to the defendant, even if he had accepted that plea agreement. Counsel, are you familiar with our case of Rivera-Sanchez, a 2000 case? In that case, the district court did hold a hearing to look at the question of a downward variance because of ineffective assistance of counsel. And rather than telling the district court that that was not a proper sentencing factor, we made a more substantive decision, which was that not varying downward is unreviewable. What does that do to the pre-Booker cases? Does it muddy the waters, and what should we do about it? No, I don't believe it muddies the waters at all. This Court in Rivera-Sanchez specifically said that it was declining to reach the merits of defendant's claim that ineffective assistance is a sentencing factor for a downward variance. And the Penn site is 1064. So because this Court declined to reach the merits of it, there's no way that it muddies the waters. In addition, it did not cite or even discuss the pre-Booker case of United States v. Crippen, which specifically said that ineffective assistance is not a relevant sentencing factor and it has no bearing on 3553A factors. What's your view of whether Booker has any effect on Crippen and Bassalo? I would say that it has no effect at all on it. Both Crippen and the Bassalo case, their analysis was independent from the guidelines. It was based on the 3553A factors. And specifically, at first in Crippen, this Court held that the receipt of ineffective assistance of counsel is simply not a mitigating or aggravating circumstance or otherwise a sentencing factor pursuant to 3553A. And then the reasoning for that holding was that for a factor to be considered, it must be tied to some penological purpose or legitimate sentencing concern expressed in the Sentencing Reform Act. And then in Bassalo, which basically quoted the Crippen holding, it was for the same purpose. So the reasoning and analysis in both of those cases was completely independent from the guidelines. And there was no discussion that the guidelines are mandatory, therefore, we have to find that ineffective assistance is not proper. So the lack of the discussion of the guidelines shows that the pre-Booker versus post-Booker analysis doesn't really have that much bearing on these cases. But while there is very little post-Booker cases from the circuit, I think the Supreme Court's case in Pepper versus United States is helpful. In that case, as the Court noted, it was an issue of rehabilitation and whether or not it can be considered a sentencing factor. But what I feel is more important is what the Supreme Court did not say. It did not say that rehabilitation is a proper sentencing factor because district courts can consider any factor they want to in our post-Booker world, which they could have. Instead, the Supreme Court framed its analysis in terms of the confines of 3553A. And in doing so, it was implicitly holding that district courts still must follow the statutory and the sentencing guidelines as well as the policy statements in order to come up with authority to provide a sentence for a defendant. Are you arguing that ineffective assistance counsel should never be considered at sentencing because it's not a 3553A factor? Yes, Your Honor. If the defendant wishes to raise ineffective assistance, it should come in the form of a motion to withdraw his guilty plea or in a 2255. It's a constitutional violation. And anything other than putting the defendant in the situation before the ineffective assistance, it wouldn't remedy the violation. And that is particularly true in this case because in addition to pleading to multiple counts, paying additional special assessments, having multiple pleas, the defendant also indicated that he would have liked to have cooperated, and he would have cooperated, but for the ineffective assistance. So if that is true, then the defendant may have been entitled to a 5K. So merely providing a downward variance of 31 months would not put the defendant in the situation before. Is it too late for him to file a 2255? No, Your Honor. I believe he still has that opportunity. Okay. And unless there's additional questions, I'm prepared to submit. I don't believe we have any more questions. Thank you. Thank you, Your Honor. Mr. Robertson, we took quite a bit of your time with questions. We have two minutes on rebuttal. Thank you. With respect to whether or not ineffective assistance of counsel, and I would submit that the district court may not have to even make a finding that the prior performance rises to the level of ineffective assistance, but the nature of the assistance can affect a 3553A factor that I argue applies in this case, and that is whether or not this sentence promotes respect for the law. 3553A1 deals with the personal history and characteristics of Mr. Debay. 3553A2 sets forth the general purposes of sentencing. And to reflect the seriousness of the offense and to promote respect for the law are the two of the first three general purposes of sentencing that a reasonable sentence is supposed to promote. My argument to Judge Fischer, and in my opening brief, I believe in my reply as well, is that if Mr. Debay, through no fault of his own, hires an attorney who does not understand how sentencing works in the federal courts, who does not, as a practice, as he declared, recommend plea bargains that are extraordinarily favorable, and then Mr. Debay pays the price by pleading open because he has wanted to plead guilty from the day of his arrest, and he receives a sentence that is greater than others who can afford counsel who understands the federal sentencing process or has appointed a lawyer who understands the federal sentencing process, if that sentence that Mr. Debay received is greater than the others who are similarly situated but for the effectiveness of their attorney, the sentence that he receives does not promote respect for the law. Let me ask you this. At your request, the sentencing hearing was continued three times, right? That's correct. And it was so you were considering filing a motion for a new trial or to withdraw guilty. That's correct. Ultimately, you decided not to do that. That's correct. Well, why not? Because Mr. Debay wanted to plead guilty from the start, and Mr. Debay wanted to demonstrate that he was accepting responsibility. I felt that it was a close enough call that if things don't go his way, he has a 2255. But for the purpose of whether or not Judge Fischer could consider what had occurred prior to his plea during the four years of plea bargaining, I believe that... Maybe you can't have it both ways. Well, and if I may, if the court is suggesting that Judge Fischer has to make a finding that there was constitutionally deficient assistance of counsel, possibly. But if the court can consider the deficient nature of prior counsel's performance in the plea bargaining process, specifically in explaining and recommending what clearly was a very favorable plea agreement to Mr. Debay, but choosing not to, not because of any tactical reason, but because he didn't understand how the system worked, I think that that's something that Judge Fischer should be able to consider. It caused her concern, as she stated, in sentencing. And I think that it fits within the history of Mr. Debay up to the point of sentencing, but also it reflects gravely on the notion that the sentences have to promote respect for the law. Thank you, counsel. Thank you very much. The case just argued is submitted, and we appreciate the arguments that both counsel have presented. And we will take about a five-minute recess before our final case.
judges: Gilman, Graber, Callahan